**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ADAM F. G. | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO. 25-6766 |

# MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE July 28, 2026

Adam F. G. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff has filed a brief in support of his request for review, the Commissioner has responded to it, and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's request for review is denied.

## I. PROCEDURAL HISTORY[1]

Plaintiff filed his SSI claim on January 17, 2023, alleging that his disability began on December 31, 2018. R. 14. Plaintiff's claim was denied initially and upon reconsideration; hence, he requested a hearing before an administrative law judge. *Id.* A telephonic hearing was held before administrative law judge Eric Borda ("the ALJ"), on November 13, 2024. *Id.* Plaintiff,

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br.") (Document Nos. 10, 13), Defendant's Response to Request for Review of Plaintiff ("Resp.") (Document No. 14), Plaintiff's Reply Brief ("Reply") (Document No. 15), and the administrative record. ("R.") (Document No. 7). It appears that Plaintiff filed Document No. 10 in error, however, he failed to have it stricken from the docket. Since Plaintiff intended Document No. 13 as a replacement for Document No. 10, the court has considered Document No. 13, not Document No. 10.

represented by an attorney, and vocational expert Donna Nealon ("the VE") testified at the hearing. R. 30-54. The ALJ, applying the sequential evaluation process ("SEP") for disability,[2] denied relief, on November 26, 2024. R. 14-23. On October 7, 2025, the Social Security Administration's Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. R. 1-3. Next, Plaintiff sought judicial review in this court. The parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II. FACTUAL BACKGROUND

### A. Personal History

Plaintiff, born on December 13, 1986, R. 33, was 37 years old on the date of the ALJ's second decision. He completed the twelfth grade of schooling and resides with his mother. R. 34.

### B. Plaintiff's Testimony

At the November 13, 2024 administrative hearing, Plaintiff testified about his impairments. R. 33-47. He has an extreme fear of human interaction and a problem completing even menial tasks, such as lawn mowing. R. 34. Plaintiff avoids interacting with people, because he fears

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 416.920(g).

letting them down or saying something inappropriate. R. 41. He has no friends. R. 43.

Plaintiff explained that a "freak out," which is mentioned in his treatment notes, occurs when he starts a task, becomes anxious about being able to complete that task and aborts the task before completion; if the task involves manual labor, he often becomes weak and dehydrated while performing the task. R. 38-39. Plaintiff further noted that, recently, he began hearing a woman's voice emanating from his bedroom; he was too frightened to sleep in his room for five to six months. R. 39-40.

Plaintiff treats with a psychiatrist and a therapist. R. 37. His prescription medication lessens the frequency of the voices he hears. R. 36.

C. Vocational Testimony

The ALJ asked the VE to consider a person with no past relevant work, who was able to perform work at all exertional levels; able to understand, remember and carry out simple instructions, with only occasional changes in the work setting; unable to interact with the public; occasionally able to interact with coworkers but unable to work on tandem tasks; and able to tolerate occasional over-the-shoulder supervision. R. 48. The VE opined that this individual could perform three unskilled[3] jobs: (1) hand launderer, a medium[4] job, with 118,000 positions in the national economy; (2) housekeeper cleaner, a light[5] job, with 452,000 positions in the national economy; and (3) toy stuffer, a sedentary[6] job, 327,000 positions in the national economy. R. 48-

[3] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 416.968(a).
[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c).
[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).
[6] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

49.

The VE opined that a person could not work if they: (1) missed more than one to two days of work per month; or (2) was off task 15% to 20% of the workday. R. 50. The VE further opined that, if a person had frequent outbursts or disagreements at work, they could not sustain employment. R. 52. Additionally, if a person required direct supervision for two-thirds of the workday, they could not sustain employment. R. 52. Finally, the VE reiterated[7] that her testimony was based upon the Dictionary of Occupational Titles and her experience working with employers and viewing jobs performed in the field. R. 52-53.

## III. THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

> 1. [Plaintiff] has not engaged in substantial gainful activity since January 17, 2023, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Plaintiff] has the following severe impairments: unspecified psychosis; generalized anxiety disorder; and idiopathic brain fog (20 CFR 415.920(c)).
>
> 3. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: Able to understand, remember and carry out simple instructions, with only occasional changes in the work setting; no interaction with the public; occasional interaction with coworkers with no tandem tasks; and only occasional over the shoulder supervision.
>
> 5. [Plaintiff] has no past relevant work (20 CFR 416.965).

[7] On two prior occasions, the VE had identified similar information as the basis for her testimony. R. 48, 49-50.

> 6. [Plaintiff] was born on December 13, 1986, and was 36 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. [Plaintiff] has at least a high school education (20 CFR 416.964).
>
> 8. Transferability of skills is not an issue because [Plaintiff] does not have past relevant work (20 CFR 416.968).
>
> 9. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 416.969 and 416.969a).
>
> 10. [Plaintiff] has not been under a disability, as defined in the Social Security Act, since January 17, 2023, the date the application was filed (20 CFR 416.920(g)).

R. 16-17, 22-23.

## IV. DISCUSSION

### A. Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different

conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B. Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C. Review of the Administrative Law Judge's Decision

Applying the SEP, the ALJ determined that, although Plaintiff had no past relevant work, he could perform three, unskilled jobs, at three different exertional levels, hence, he was not disabled. R. 14-23. Plaintiff disputes the ALJ's decision and argues that the ALJ erred by failing to properly evaluate his mental functioning and his residual functional capacity ("RFC"). Pl. Br. at 4-22. The Commissioner denies Plaintiff's claim(s)[8] of error. Resp. at 1-13. This court finds that Plaintiff's arguments lack merit.

1. The ALJ Properly Evaluated Whether Plaintiff Satisfied the B Criteria for Listed Impairments 12.03, 12.04, and 12.06

Plaintiff argues that the ALJ erred when evaluating the B criteria for Listed Impairments ("LI") 12.03, 12.04 and 12.06, because he focused on Plaintiff's activities of daily living ("ADLs") rather than his treatment notes. Pl. Br. at 5-6, 7-12. This court finds that, although the ALJ did focus on Plaintiff's ADLs, rather than his treatment notes, the ALDs provide substantial evidence to support his evaluation of the B criteria, hence, there is no error.

For all three listed impairments at issue, the same four areas of mental functioning, which are also called the B criteria, must be evaluated: (1) understanding, remembering or applying information; (2) interacting with others; (3) concentration, persistence or maintaining pace; and (4) adapting or managing oneself. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 12.03A, 12.04B, 12.06B. In order to meet any of those listings, Plaintiff needed to demonstrate marked limitation in two areas of functioning or extreme limitation in one. The ALJ found moderate

[8] In the Reply, Plaintiff asserts that the Commissioner has misconstrued the argument(s) made in the opening brief. Reply at 3-4. This court disagrees. Plaintiff's Reply does not, in any meaningful fashion, illustrate any error in the Commissioner's brief. Furthermore, Plaintiff's opening brief, which, by Plaintiff's own admission, contains sections that were created with the assistance of Artificial Intelligence, is poorly drafted. For example, on page 4, he has a caption that is written as *ISSUES*. This obviously implies that Plaintiff is presenting more than one argument. Hence, Plaintiff is not in a good position to claim that the Commissioner misconstrued his arguments. If the Commissioner was unable to discern the gravamen of Plaintiff's arguments, the fault for that lies with Plaintiff.

limitation, which is below listing level, in all four areas. R. 17-18. In doing so, the ALJ focused on Plaintiff's extensive ADLs. *Id.*

Substantial evidence is not a great deal of evidence. *Biestek*, 587 U.S. at 103. Herein, the ALJ cited Plaintiff's extensive ADLs, which he admitted in his Function Report, a document Plaintiff submitted in support of his SSI application. Plaintiff takes the position that his treatment notes, both those that pre-date and post-date the application date, suggest a greater level of impairment. That may be so, however, that contrary evidence does not detract from the substantial evidence provided by Plaintiff's ADLs.[9] Since there is substantial evidence to support the ALJ';s conclusion, his decision must be affirmed.

2. The ALJ Properly Evaluated Plaintiff's RFC

Next, Plaintiff argues that the ALJ should not have relied upon his episodes of medication noncompliance as a basis to evaluate his RFC and the ALJ failed to properly evaluate his "freak outs" when determining his RFC. Pl. Br. at 6, 15-22. These arguments lack merit.

First, contrary to Plaintiff's argument, it was proper for the ALJ to consider Plaintiff's use of medication, when evaluating his symptom testimony. Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, *8. Second, the ALJ did not rely solely upon this factor when evaluating his symptom testimony; he also considered Plaintiff's treatment notes and the opinions of Karen Plowman, Psy.D. and Jennifer Croyle, Psy.D., who both opined that Plaintiff could perform simple, routine tasks; these findings are consistent with the RFC assessment.[10] R. 21. The ALJ has, thus, cited substantial evidence to support his RFC assessment.

[9] Even if the court were to find that Plaintiff's ADLs did not provide substantial evidence for the ALJ's B criteria findings, the ALJ also accepted the opinions of Karen Plowman, Psy.D. and Jennifer Croyle Psy.D., who both opined that Plaintiff had mild to moderate limitations in all four areas of mental functioning. R. 21. This would provide substantial evidence as well, making armless the alleged error concerning reliance on Plaintiff's ADLs. *See Rutherford*, 399 F.3d at 553.

[10] The ALJ noted that both doctors also opined that Plaintiff had only mild to moderate limitations in all four areas of mental functioning, *i.e.*, in the B criteria. R. 21.

Finally, as Plaintiff concedes, the ALJ did consider evidence of his “freak outs”. R. 20. Additionally, the ALJ referred to treatment notes suggesting that Plaintiff was learning coping mechanisms to help alleviate the “freak outs”. R. 20. Later in the decision, the ALJ also noted that Drs. Plowman and Coyle both opined that Plaintiff could perform simple, routine tasks. R. 21. This opinion evidence, which the ALJ found persuasive, R. 21, serves as substantial evidence to support the ALJ’s conclusion that Plaintiff’s “freak outs” would not preclude the simple, routine tasks that the ALJ included as limitations in his RFC assessment. Hence, there is no basis to find error.

Implementing and Judgment Orders follow.